PER CURIAM.
The issue in this case is whether we should permit a proposed amendment to rule 2-9.3, legislative policies, Rules Regulating the Florida Bar, to become effective. This amendment sets forth a procedure and potential remedy for bar members who question the propriety of the use of bar dues to support legislative positions approved by the bar’s board of governors. The proposal was made, in part at least, as the result of litigation brought by a member of The Florida Bar against the bar, in which he claimed that monies were imper-missibly spent for certain lobbying activities. See Gibson v. The Florida Bar, 798 F.2d 1564 (11th Cir.1986).
We heartily approve rule 2-9.3(b) which requires The Florida Bar to publish legislative policies adopted by the board of governors. We construe this to mean that the membership will be advised of what legislative programs the bar will be spending money on in its lobbying activities.
Nor do we find objectionable the remainder of the amendment, with certain qualifi *689 cations. The amendment seemingly limits actions against The Florida Bar for its lobbying expenditures to the remedies prescribed in the rule. Although the pecuniary recovery may be limited, members of the bar should still be able to bring injunc-tive actions seeking to prevent unauthorized bar activities and expenditures. The limited remedy of a partial dues refund is not adequate to bar access to the courts to challenge the appropriateness of the bar’s lobbying activities. The only change we have made in the proposed amendment is to substitute “shall” for “may” in the last sentence of paragraph 2-9.3(e)(2).
With these qualifications we approve the amendment to rule 2-9.3 as attached hereto, effective immediately.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
2-9.3 Legislative policies.
(a) The board of governors shall adopt and may repeal or amend rules of procedure governing the legislative activities of The Florida Bar in the same manner as provided in rule 2-9.2; provided, however, that the adoption of any legislative position shall require the affirmative vote of two-thirds of those present at any regular meeting of the board of governors or two-thirds of the executive committee or by the president, as provided in the rules of procedure governing legislative activities.
(b) Publication of legislative positions. The Florida Bar shall publish notice of adoption of legislative positions in The Florida Bar News, in the issue immediately following the board meeting at which the positions were adopted.
(c) Objection to legislative positions of The Florida Bar. Any active member of The Florida Bar may, within forty-five (45) days of the date of publication of notice of adoption of a legislative position, file with the executive director a written objection to a particular position on a legislative issue. Failure to object within this time period shall constitute a waiver of any right to object to the particular legislative issue.
(1) After a written objection has been received, the executive director shall promptly determine the pro rata amount of the objecting member’s dues at issue and such amount shall be placed in escrow pending determination of the merits of the objection. The escrow figure shall be independently verified by a certified public accountant.
(2) Upon the deadline for receipt of written objections, the board of governors shall have forty-five (45) days in which to decide whether to give a pro rata refund to the objecting member(s) or to refer the action to arbitration.
(d) Composition of arbitration panel. Objections to legislative positions of The Florida Bar may be referred by the board of governors to an arbitration panel comprised of three (3) members of The Florida Bar, to be constituted as soon as practicable following the decision by the board of governors that a matter shall be referred to arbitration.
The objecting member(s) shall be allowed to choose one member of the arbitration panel, The Florida Bar shall appoint the second panel member, and those two (2) members shall choose a third member of the panel who shall serve as chairman. In the event the two (2) members of the panel are unable to agree on a third member, the chief judge of the Second Judicial Circuit of Florida shall appoint the third member of the panel.
(e) Procedures for arbitration panel. Upon a decision by the board of governors that the matter shall be referred to arbitration, The Florida Bar shall promptly prepare a written response to the objection and serve a copy on the objecting member(s). Such response and objection shall be forwarded to the arbitration panel as soon as the panel is properly constituted. The arbitration panel shall thereafter confer and decide whether the legislative matters at issue are constitutionally appropriate for funding from mandatory Florida Bar dues.
(1) The scope of the arbitration panel’s review shall be to determine solely whether *690 the legislative matters at issue are within those acceptable activities for which compulsory dues may be used under applicable constitutional law.
(2)The proceedings of the arbitration panel shall be informal in nature and shall not be bound by the rules of evidence. The decision of the arbitration panel shall be binding as to the objecting member(s) and The Florida Bar. If the arbitration panel concludes the legislative matters at issue are appropriately funded from mandatory dues, there shall be no refund and The Florida Bar shall be free to expend the objecting member’s pro rata amount of dues held in escrow. If the arbitration panel determines the legislative matters at issue are inappropriately funded from mandatory dues, the panel shall order a refund of the pro rata amount of dues to the objecting member(s).
(3) The arbitration panel shall thereafter render a final written report to the objecting member(s) and the board of governors within forty-five (45) days of its constitution.
(4) In the event the arbitration panel orders a refund, The Florida Bar shall provide such refund within thirty (30) days of the date of the arbitration panel’s report, together with interest calculated at the legal rate of interest as of the date the written objection was received by The Florida Bar.